ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
Telephone No.: (702) 784-7662
Facsimile No.:  (702) 784-7649
ferranlawoffice@gmail.com
Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

EDWIN Y. FUJINAGA, an individual
identified as President of MRI International,
Inc.; MRI International, Inc., a Nevada
Corporation

     Petitioner,

vs.

UNITED STATES OF AMERICA,

     Respondent.

Case No.:

**PETITION TO QUASH SUMMONSES**

COMES NOW PETTITIONERS, EDWIN FUJINAGA  (hereinafter "FUJINAGA") and

MRI International, Inc. (hereinafter "MRI"), by and through undersigned counsel, and hereby

requests that this Honorable Court enter an order quashing the administrative summonses

referenced herein, and as the basis for this Petition to Quash Summons states as follows:

### JURISDICTION

1. This is an action to quash two administrative summonses issued by a Revenue Agent of the

Internal Revenue Service.  The District Court has jurisdiction under 28 U.S.C. § 1331 and

26 U.S.C. § 7609(b)(2) and 26 U.S.C. § 7609(h).

### VENUE

2. Venue is proper in the District of Nevada under 26 U.S.C. § 7609(h)(1) as that is where the

summoned party, Edwin Y. Fujinaga, resides, and as that is where the summoned party has

been served by the Internal Revenue Service.  Additionally, MRI International, Inc., is a

Nevada Corporation with a principal place of business in Clark County, Nevada.

## FACTS AND REQUEST FOR RELIEF

3. On March 22, 2013, Tina Schlueter, a Revenue Agent with the Las Vegas, Nevada, post-of-duty of the Internal Revenue Service, issued a summons upon Edwin Y. Fujinaga, as president of MRI International, Inc.   A copy of this summons is attached hereto as **Exhibit 1**.

4. On March 22, 2013, Ms. Schlueter also caused to be served a second summons upon Edwin Y. Fujinaga, as president of MRI International, Inc.   A copy of this second summons is attached hereto as **Exhibit 2**.  This second summons also seeks production of numerous documents as well as the personal attendance of Mr. Fujinaga for an interview.

5. Petitioner Edwin Y. Fujinaga is a resident of Clark, County, Nevada, and is identified as the President of MRI, International, Inc., the co-petitioner here and a Nevada Corporation. MRI is currently under audit for the 2009 tax year (though as received notice that the audit is expanding), and has provided substantial information over the course of several meetings and communications with the IRS relative to this audit.

6. The summons issued to Fujinaga is a third-party summons to which the provisions of 26 U.S.C. § 7609 apply.  See 26 U.S.C. § 7609(c)(1).  Regardless, as MRI and Fujinaga are both entitled to notice, they have standing to bring this petition to quash.

7. Pursuant to 26 U.S.C. § 7609 (a)(1), Petitioner MRI is entitled to notice of the summons issued to Fujinaga on March 22, 2013, within three days of the date the summons was served upon Fujinaga.

8. The summonses issued by the IRS, and attached hereto as **Exhibit 1 and Exhibit 2**, contain no certificates of service or confirmation that the notice requirement of 26 U.S.C. 7609(a)(1) to Petitioner has been met.

9. Pursuant to 26 USC § 7609(b)(2)(A), Petitioners both have standing to begin a proceeding to quash the summons issued to Fujinaga on March 22, 2013, and do so in a timely manner.

10. The summonses issued by Revenue Agent Schlueter commands appearance at the Las Vegas Office of the Internal Revenue Service on April 22, 2013, and request numerous records, including medical billing records (which contain patient information), banking records, and records relate to payments made to foreign investors, among other documentation. See Exhibits 1 and 2.

11. Revenue Agent Schlueter is, upon information and belief, assigned to the Examination Division of the Internal Revenue Service, and, as such, is not commissioned to conduct criminal investigations.  Therefore, the examination being conducted by Revenue Agent Schlueter which has given rise to the summons at issues qualifies as a non-criminal tax matter before the Internal Revenue Service as defined in 26 U.S.C. § 7525(a)(2)(A) and the instant suit is a non-criminal tax proceeding in Federal Court brought against the Internal Revenue Service as defined in 26 U.S.C. § 7525 (a)(2)(B).

12. It appears on the face of the Summons that the Summons is issued "In the Matter of RI International, Inc." The apparent purpose for the documentation sought in the summons is therefore not disclosed upon the face of the summons.

13. The Internal Revenue Service must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose.  The IRS has the burden of showing in an adversarial proceeding that its investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose.

14. The IRS already possesses all relevant information to determination of whether MRI International, Inc., may be liable under any internal revenue statute and the data summoned is incapable of adding any new information which could affect the determination of potential liability, as substantial information has already been previously provided to the IRS relative to any additional tax liability for MRI.

## ANALYSIS

The summons issued to Fujinaga by Revenue Agent Schlueter on March 22, 2013, should be quashed for the following reasons:

15. Petitioners incorporate by references the allegations set forth in paragraphs 1 through 14, above, as if fully restated herein.

16. To obtain judicial enforcement of the Summons the IRS must establish: 1) the investigation is being conducted for a legitimate purpose, 2) the inquiry may be relevant to that purpose, 3) the information sought is not already in the IRS's possession, and 4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 79 U.S. 48, 57-58 (1964).

17. It is well-settled precedent that a summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. § 4022.62(1) and 4022.63, and 26 C.F.R. §1.6001-1. The summonses issued by Respondent in this case fails to state any liability, actual or ostensible, for which purpose the summons may have been issued.

18. Internal Revenue Code §7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to" "..determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F.2d 341, 345 (4th Cir. 1980); United Sates v. Harrington, 388 F.2d 520, 524 (2nd Cir. 1968). The burden is upon the United States to show that the information sought is "relevant to proper purpose." United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F.2d 564, 567 (5th Cir. 1985).

19. In the present case, the Summonses issued by Agent Schlueter are facially invalid for the reasons set forth above.

20. The summonses are also invalid and improper as it requests many documents already in the possession of the Internal Revenue Service.

4

21. Each Summons seeks records unrelated and irrelevant to the civil audit the IRS is purportedly conducting. Instead, the Summonses amount to an apparent fishing expedition, rather than an effort to conduct or investigate statutorily authorized inquiries. 26 U.S.C. § 7602(a) & (b); See also 26 U.S.C. § 7605(b)(no taxpayer shall be subjected to unnecessary examination or investigations). Here, the summonses would result in the disclosure of confidential information and protected information, including potential patient names in violation of HIPAA; moreover, as set forth herein, the IRS is already in possession of information it requires to gauge Petitioner's tax liability, as several prior meetings have been conducted relative to the data requested.

22. The first summons, attached hereto as **Exhibit 1**, seeks information relative to billing & collection records for numerous entities. The disclosure and production of such information, including patient names, account numbers, treatment codes, and medical history, would potentially place both Petitioners in danger of civil and/or other liability for production of such confidential medically protected information. MRI has previously been in contact with the IRS on this point, and Petitioner and the IRS have been unable to reach an agreement with respect to protection of patient medical records and confidentiality.

23. The Summonses at issue in this matter is overbroad, generalized, and the Government's actions are similar to general exploratory search warrants in violation of the Defendant's Fourth, Fifth, and Fourteenth Amendment Rights.

24. The Summonses at issue are unduly broad, and overly burdensome, and are not required for the Government's intended purpose. Moreover, the summonses are overly broad in nature. As an example, the IRS seeks information on payment to foreign parties, including "all accounting and tax records related to payments of interest, dividends, royalties…made to foreign persons" during the period encompassing 7/1/1998 until 12/31/2010. This extensive period, covering over a decade, is not only outside the scope of the stated audit, but constitutes the same kind of fishing-expedition not permitted in a summons. It is unclear how the IRS believes such information (i.e., from 1998) will assist in a

determination of an audit for the 2009 tax year.

25. The Summons attached hereto as "Exhibit 2" also contains requests for information such as lockbox claim accounts, which undoubtedly contain patient and other protected information. Again, no agreement regarding the protection of patient information has been reached with the IRS, and production of those records could potentially expose MRI and Fujinaga to unnecessary and unwarranted civil liability.

26. The Summons attached hereto as "Exhibit 2" seeks disclosure and information relative to foreign nationals, despite authority suggesting that United States-sourced interest paid by a United States corporation (like MRI) to Japanese lenders is not subject to withholding for United States federal tax purposes pursuant to either the Internal Revenue Code (the "IRC") or the United States-Japan Tax Treaty of 2003. Thus, not only is the IRS requesting irrelevant information, it is doing so for a period that far exceeds the scope of this audit and as a means of "fishing" for additional information against MRI with no valid, legitimate purpose.

27. The summonses issued by the IRS are overly burdensome with respect to the volume of information requested, and, given the objections noted above and concerns listed, MRI and Fujinaga requires additional time to comply following this Court's order with respect to the concerns listed above.

WHEREFORE, it is prayed that this Court:

1) Grant this Petition and quash the summons on the basis that:

    a. The summonses seek information already in possession of the Internal Revenue Service;

    b. The summonses are overbroad in nature, call for irrelevant information, and are essentially a "fishing expedition;"

    c. The IRS has failed to provide legitimate justification for issuance of the Summonses;

d.  The data requested would result in the disclosure of confidential and protected information;

e.  The IRS has failed to follow all requisite procedural steps for enforcement of the Summons;

f.  The sole purpose of the Summons is to harass Petitioners

2)  Grant Plaintiff the costs of this action, including reasonable attorney's fees

a.  Grant such other and further relief as the Court deems just and proper.

Dated this 11th day of April, 2013

                                    /s/ Erick M. Ferran, Esq.
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & ASSOCIATES
3753 Howard Hughes Parkway, Ste. 200
Las Vegas, NV 89169
*Telephone No.: (702) 784-7662*
*Facsimile No.: (702) 784-7649*
*ferranlawoffice@gmail.com*
*Attorneys for Petitioner*

1

## CERTIFICATE OF SERVICE

2

I hereby certify that I am an employee of HITZKE & ASSOCIATES and that on the 11th

3

day of April, 2013, I caused to be sent via certified mailing, and via United States Mail, First

4

Class, Postage Prepaid, a true and correct copy of the above and foregoing **PETITION TO**

5

**QUASH SUMMONSES** properly addressed to the following:

6

7

Certified                                                Certified

8

Internal Revenue Service                Edwin Y. Fujinaga
Attn: Tina Schlueter, Revenue Agent    9009 Greensboro

9

IRS—MS 4411 TS                         Las Vegas, NV 89134
110 City Parkway

10

Las Vegas, NV 89106

11

12

_____/s/ Kristee Cole_____

13

An Employee of Hitzke & Associates

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT 1

 # Summons

In the matter of  MRI International, Inc.
Internal Revenue Service (Division):  Small Business / Self-Employed
Industry/Area (name or number):  Las Vegas, Nevada
Periods:  December 1, 2008 through January 31, 2010

## The Commissioner of Internal Revenue

**To:** Edwin Fujinaga as president of MRI International, Inc.

**At:** 9009 Greensboro Lane Las Vegas, Nevada 89134

You are hereby summoned and required to appear before  Tina Schlueter, Revenue Agent; ID #898782
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment to Form 2039

This information may be mailed in lieu of the appearance requirement.

---

**Attestation**

I hereby certify that I have examined and compared this copy of the summons with the original
and that it is a true and correct copy of the original.

_____                    Revenue Agent
Signature of IRS officer serving the summons              Title

**Business address and telephone number of IRS officer before whom you are to appear:**

IRS - MS 4411 TS     110 City Parkway     Las Vegas, NV 89106   Telephone: (702) 868-5421

**Place and time for appearance at** IRS - MS 4411 TS     110 City Parkway     Las Vegas, NV 89106

**IRS**

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the ___22___ day of ___April___ ___2013___ at ___9:00___ o'clock ___a___ m.
                                          *(year)*
Issued under authority of the Internal Revenue Code this ___22___ day of ___March___ ___2013___
                                                                         *(year)*

_____                    Revenue Agent
Signature of issuing officer                          Title

_____                    Group Manager
Signature of approving officer *(if applicable)*             Title

**Part A** - to be given to person summoned



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination of unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

* * * *

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons require the production of books, papers, records, or other data, it shall be sufficient if such books papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production o books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner [1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner [1] to hear the application, and, i satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon hearing the judge or the United States Commissioner [1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P L. 90-578.

~ ~ ~ ~

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, o

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 12-2008)

# Notice to Third Party
# Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

**Part B — to be given to person summoned**

## Sec. 7609. Special procedures for third-party summons

**(a) Notice.-**

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

**(b) Right to intervene; right to proceeding to quash.-**

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

**(c) Summons to which section applies.-**

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons -

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

**(d) Restriction on examination of records.** - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

**(e) Suspension of Statute of Limitations. -**

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending on the final resolution of such response.

**(f) Additional requirements in the case of a John Doe summons. -**

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

**(g) Special exception for certain summonses. -**

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

**(h) Jurisdiction of district court; etc. -**

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g). - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

**(i) Duty of summoned party. -**

(1) Recordkeeper must assemble records and be prepared to produce records. - On receipt of a summons to which this section applies for the production of records the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

**(j) Use of summons not required. -**

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form **2039** (Rev. 12-2008)

# ATTACHMENT TO MRI INTERNATIONAL, INC. SUMMONS

Issued to:   Edwin Fujinaga as President of MRI International, Inc.
In the matter of:   2009 Form 1120 Examination
Periods:   December 1, 2008 through January 31, 2010

In conjunction with the examination of MRI International, Inc it is necessary to make a determination of the source and accuracy of revenue reported as income.  Income is derived from several entities.  In order to make the determination of accuracy and completeness, it is necessary to examine the detailed records of the source entities as follows:

Nations Surgery Centers V, L.P.
EIN: 32-0025497
Year: 200912
Address: 5370 S. Durango Drive Las Vegas, NV 89113

Nations Surgery Centers, L.P.
EIN: 95-4790765
Year: 200912
Address: 5330 S. Durango Drive Las Vegas, NV 89113

Four Seasons Surgery Centers of Anaheim, L.P.
EIN: 95-4839036
Year: 200912
Address: 5370 S. Durango Drive Las Vegas, NV 89113

Four Seasons Surgery Centers of Ontario, L.P.
EIN: 95-0347354
Year: 200912
Address: 5370 S. Durango Drive Las Vegas, NV 89113

Med-Health Medical Supplies, LLC
EIN: 20-3685267
Year: 200912
Address: 5370 S. Durango Drive Las Vegas, NV 89113

## Records summoned for the above entities:

### Billing records from Advantix:

Billings and collections electronic records for the year 2009 including the following fields at a minimum:

Billings: Date of service, amount billed, patient account number,  invoice or billing number, batch number assigned.

Collections:  service date, date of receipt, insurance payments, patient payments, adjustments, payment amount, invoice or billing number, payment method (cash, CC, check, electronic deposit etc)

Amounts written off:  Date, amount written off, invoice or billing number, write-down reason code

1

# ATTACHMENT TO MRI INTERNATIONAL, INC. SUMMONS

Other files: include any key files needed to understand any codes such as payment codes, write off codes, etc.

Batch reports: Sequential batch number listing from Jan 1, 2009 through December 31, 2009 with final batch number of 2008 and first batch number of 2010. Invoice numbers included in each batch if the batch number is not included in the billing information above. Provide an explanation for any missing our out of sequence batch numbers.

**File Format:** flat file, ascii, delimited other than comma, access table, searchable PDF, excel. Contact requestor before providing other file formats.

To the extent information that is responsive to this request is protected health information as defined in 45 C.F.R. § 164.501, the information should be de-identified (as provided for in 45 C.F.R. §164.514) prior to providing it to the IRS.

When providing de-identified information, include a list of the categories of information that you have redacted. If you are unable to de-identify the information, provide a general description of the information you are not producing including the technical limitations to de-identifying information, and what particular information fields you are unable to redact from the requested reports

2

EXHIBIT 2



# Summons

In the matter of  MRI International, Inc.

Internal Revenue Service (Division):  Small Business / Self-Employed
Industry/Area (name or number):  Las Vegas, Nevada

Periods: December 1, 2008 through January 31, 2010

## The Commissioner of Internal Revenue

**To:** Edwin Fujinaga as president of MRI International, Inc.

**At:** 9009 Greensboro Lane Las Vegas, Nevada 89134

You are hereby summoned and required to appear before  Tina Schlueter, Revenue Agent; ID #898782
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

In addition to appearing at the designated time and location described below, provide the documents listed on the attachment to Form 2039.

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____          Revenue Agent
Signature of IRS officer serving the summons          Title

**Business address and telephone number of IRS officer before whom you are to appear:**

IRS - MS 4411 TS     110 City Parkway     Las Vegas, NV 89106   Telephone: (702) 868-5421

**Place and time for appearance at** IRS - MS 4411 TS     110 City Parkway     Las Vegas, NV 89106

**IRS**

Department of the Treasury
Internal Revenue Service
**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the ___22___ day of ___April___ ___2013___ at ___9:00___ o'clock ___a___ m.
                                              (year)

Issued under authority of the Internal Revenue Code this ___22___ day of ___March___ ___2013___
                                                                                      (year)

_____          Revenue Agent
Signature of issuing officer          Title

_____          Group Manager
Signature of approving officer (if applicable)          Title

**Part A** - to be given to person summoned



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

    (3) Exceptions. - This subsection shall not apply-

        (A) to any contact which the taxpayer has authorized,

        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

    (2) Justice Department referral in effect. - For purposes of this subsection-

        (A) In general. - A Justice Department referral is in effect with respect to any person if-

            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

            (i) the Attorney General notifies the Secretary, in writing, that -

            (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

            (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

            (III) he will discontinue such a grand jury investigation,

            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms; sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

~ ~ ~ ~ ~

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons require the production of books, papers, records, or other data, it shall be sufficient if such books papers, records or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of the recordkeeper.

    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means –

        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

        (C) Any person extending credit through the use of credit cards or similar devices;

        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

        (E) any attorney;

        (F) any accountant;

        (G) any barter exchange (as defined in section 6045(c)(3));

        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

        (I) any enrolled agent; and

        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production o books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner [1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner [1] to hear the application, and, i satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner [1]shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P.L. 90-578.

~ ~ ~ ~ ~

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

    (1) fees and mileage to persons who are summoned to appear before the Secretary, and

    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers records, or other data required to be produced by witnesses.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, o

    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Notice to Third Party Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

**Part B — to be given to person summoned**

# Sec. 7609. Special procedures for third-party summons

**(a) Notice-**

(1) In general. - If any summons to which this section applies requires the giving of testimony or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

**(b) Right to intervene; right to proceeding to quash. -**

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

**(c) Summons to which section applies. -**

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

**(d) Restriction on examination of records. -** No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

**(e) Suspension of Statute of Limitations. -**

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

**(f) Additional requirements in the case of a John Doe summons. -**

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

**(g) Special exception for certain summonses. -**

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

**(h) Jurisdiction of district court; etc. -**

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

**(i) Duty of summoned party. -**

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

**(j) Use of summons not required. -**

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

# ATTACHMENT TO MRI INTERNATIONAL, INC. SUMMONS

Issued to:  Edwin Fujinaga as President of MRI International, Inc.
In the matter of:  2009 Form 1120 Examination
Periods:  December 1, 2008 through January 31, 2010

For the periods specified above, please furnish the following records:

1. Detailed general ledger for all accounts.

2. Gross Receipts
   a. Copies of all factoring agreements between MRI International, Inc. and the companies that it purchases receivables from.
   b. Copy of the receivables servicing agreement between MRI International, Inc. and Claims Servicing of America, LLC.
   c. Mary Luszczyk's spreadsheets for NSC Encino, NSC Anaheim, NSC Ontario, NSC Camarillo, and Med-Health Medical Supplies used to calculate gross receipts.
   d. Copies of all lock box bank account statements for NSC Encino, NSC Anaheim, NSC Ontario, and NSC Camarillo for the period December 1, 2008 to January 31, 2010.
   e. Copies of all bank statements for MRI International, Inc.'s A/R purchasing account for the period December 1, 2008 to January 31, 2010.
   f. Copies of all bank statements for Irwin Union Bank account ending in 7546 for the period December 1, 2008 to January 31, 2010.
   g. Copies of all bank statements for Wells Fargo Bank account ending in 2634 for the period December 1, 2008 to January 31, 2010.

3. Interest Expense
   a. Provide all accounting records related to the interest deducted on the 2009 Form 1120. Such records should show the date and amount when accrued, date and amount when paid, and recipient of interest payment.
   b. Loan documents and/or promissory notes for all loans you paid interest on in 2009.
   c. All loan statements received in 2009.
   d. A list detailing all parties that you have outstanding loans with in 2009. The list should include the lender's name and the amount of the loan.
   e. Cancelled checks or wire transfers for all interest payments made in 2009.

4. Payments to Foreign Persons
   a. Provide all accounting and tax records related to payments of interest, dividends, royalties, compensation or commissions made to foreign persons during the period 7/01/1998 to 12/31/2010.

5. Office Expense
   a. Supporting documentation (receipts, invoices, statements, etc.) for the $6,198,895 office expense claimed on the 2009 Form 1120.

6. Depreciation Expense
   a. Airplane
      1. Purchase invoice and other documentation to support the cost basis for the aircraft.

1

# ATTACHMENT TO MRI INTERNATIONAL, INC. SUMMONS

    2. Copy of aircraft registrations and other documents filed with FAA identifying owners of the aircraft from the time of acquisition.

    3. Flight plans, flight logs, and other documentation which lists the passengers' names, flight destinations for flights. Please identify each trip as either personal or business. If business, provide a brief business description for the trip.

    4. A written explanation as to how the aircraft is considered ordinary and necessary business expenses under IRC section 162.

b. Vehicles

    1. Mileage logs for each vehicle substantiating business use percentage. The mileage logs should include the vehicle used, passenger list, miles driven, and the business purpose of the travel.

    2. Invoices, cancelled checks, etc. substantiating the purchases of all vehicles being depreciated.

c. 609 Summer Mesa

    1. Closing statement to support the cost basis for the house and improvements.

    2. Logs, calendars, or other substantiation documenting when the house was used. The documentation should include who used the house, the length of the stay, and the business purpose of the use.

    3. A written explanation as to how the house is considered ordinary and necessary business expenses under IRC section 162.

d. Other Assets

    1. Provide a statement for each of the following assets being depreciated in 2009 that states where the asset is located and the business purpose of the asset.

    2. Invoices, cancelled checks, etc. substantiating the following asset purchases:

| Date | Asset Description | Amount |
|---|---|---|
| 10/13/2004 | Shintaku Antique Furniture | 298,650.00 |
| 5/18/2006 | Prosoft Technologies | 150,570.00 |
| 10/30/2006 | Southwest Surveillance | 75,316.00 |