KATHRYN KENEALLY
Assistant Attorney General

LEE PERLA
Trial Attorney
U.S. Dept. of Justice
PO Box 683
Washington, DC 20044
Tel:    202-514-9593
Fax:    202-307-0054
Lee.Perla@usdoj.gov

DANIEL G. BOGDEN
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MRI INTERNATIONAL, INC., a Nevada Corporation,<br><br>        Petitioner,<br><br>   vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 2:13-cv-00623-MMD-(CWH)<br><br><br>MOTION TO DISMISS PETITION TO QUASH SUMMONSES ISSUED TO MRI INTERNATIONAL, INC. AND ITS CORPORATE OFFICER (EDWIN Y. FUJINAGA) |

The United States of America ("United States"), through undersigned, pursuant to Rule 12, moves for the Court to dismiss the petition to quash the summonses issued to MRI International, Inc. ("MRI") through its corporate officer, Edwin Y. Fujinaga ("Fujinaga").

**INTRODUCTION:**

MRI and its corporate officer, Fujinaga, sue to enjoin the Internal Revenue Service ("Service") from summonsing its books, records, testimony, or other data. As the sovereign, however, the United States may not be sued without its consent. That means that MRI and

1  Fujinaga cannot proceed unless and until they articulate a statutory cause of action and a viable

2  basis for overcoming the United States' sovereign immunity.  Here, neither MRI nor its

3  corporate officer can meet that burden.

4      Although Congress waived the United States' sovereign immunity and created a cause

5  of action for quashing summonses issued to third-parties, MRI and its corporate officer petition

6  the Court to quash summonses issued to MRI.  Congress specifically excluded such petitions,

7  meaning petitions to quash summonses "served on the person with respect to whose liability the

8  summons is issued, or any officer or employee of such person."  26 U.S.C. § 7209(c)(2)(A).

9      As such, the Court should dismiss under Rule 12 for want of jurisdiction because

10  neither MRI nor Fujinaga can show any waiver of the United States' sovereign immunity or

11  otherwise assert any cause of action here.

## STATEMENT OF FACTS:

13      MRI and its corporate officer petitioned this Court to quash the summonses issued to

14  MRI through its corporate officer, Fujinaga, on April 11, 2013.  No. 1.  MRI and its corporate

15  officer alleged that,

16  > The summons issued to Fujinaga is a third-party summons to which the provisions of 26 U.S.C. § 7609 apply.  See 26 U.S.C. § 7609(c)(1).  Regardless, as MRI and
17  > Fujinaga are both entitled to notice, they have standing to bring this petition to quash. . . .  Pursuant to 26 U.S.C. § 7609 (a)(1), Petitioner MRI is entitled to
18  > notice of the summons issued to Fujinaga on March 22, 2013 . . .

19  No. 1 at ¶¶ 6-7.

20      MRI and its corporate officer never cite 26 U.S.C. § 7609(c)(2)(A).  They make no

21  attempt to account for or otherwise disclose its prohibition of their cause of action to the Court.

22                                5

**ARGUMENT:**

**1.   THE COURT SHOULD DENY THE PETITION TO QUASH.**

    **a.   MRI and its corporate officer have the burden for establishing jurisdiction.**

MRI and its corporate officer have the burden of showing both a waiver of sovereign immunity and for establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (courts presume lack of jurisdiction until proven otherwise).  That means that MRI and its corporate officer must identify (1) "statutory authority granting subject matter jurisdiction," and (2) "a waiver of sovereign immunity."  *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) (quoting *Alford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)).  Even if MRI and its corporate officer allege a statutory cause of action, the Court lacks jurisdiction unless they also show that the United States consented to their suit.

The United States, as sovereign, may not be sued absent a specific and explicit waiver of sovereign immunity, and even then only in strict accordance with that waiver's terms.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  Waivers of sovereign immunity cannot be implied, must be unequivocally expressed, and construed strictly in the sovereign's favor.  *See Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Gilbert*, 756 F.2d at 1458); *see also Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920) (holding plaintiffs "must turn square corners when they deal with the Government" and that if a

statute "attaches even purely formal conditions to its consent to be sued[,] those conditions must be complied with").

### b. MRI and its corporate officer have no § 7609 cause of action.

MRI and its corporate officer represent to the Court that the summonses issued to MRI's corporate officer may be regarded as third-party summonses. *See* No. 1 at ¶¶ 6-7. MRI and its corporate officer allege that since the Service owed them notice, the Court has subject-matter jurisdiction under 26 U.S.C. § 7609(c)(1). At best, their allegations lack merit.

Congress attached a prerequisite condition to the § 7609 statutory cause of action. A petitioner may only use § 7609 to quash a summons issued to a third-party if the Service had to give notice to that petitioner that the Service had issued a third-party summons. Under the plain language of § 7609(a), however, the Service must notice only to a "person (***other than the person summoned***) who is identified in the summons." 26 U.S.C. § 7609(a) (emphasis added). The phrase "other than the person summoned" appears clear, and it would be hard to imagine a way for Congress to be more direct. Thus, under no circumstances may the person summoned meet § 7609's prerequisite since they cannot show that the Service had to give them notice.

Courts facing arguments like MRI's readily hold that parties not entitled to notice may not maintain a § 7609 cause of action. *See*, *e.g*., *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009); *Viewtech, Inc. v. United States*, 2009 U.S. Dist. LEXIS 96849 (S.D. Cal. Oct. 16, 2009) ("Only those persons entitled to notice of the summons pursuant to § 7609 have standing to move to quash the summons." (citing 26 U.S.C. § 7609(b)(2)(A)); *Ip v. United States*, 205 F.3d 1168, 1170 (9th Cir. 2000)).

MRI and its corporate officer tell the Court that the Service had to give MRI notice of the summons issued to Fujinaga. No. 1 at ¶ 7. At best, MRI and its corporate officer misapprehend the summons at issue. The face of the summons shows that the Service summoned Fujinaga, but only "as president of MRI International, Inc." No. 1 at 10, 17. A summons directed at an officer of the corporation under examination remains a summons directed at the corporation. *See*, *e.g*., *Nelson v. IRS*, 2011 U.S. Dist. LEXIS 824, 6-7 (E.D. Pa. Jan. 5, 2011) (holding that the corporate officer had no cause of action to quash a summons issued to the officer in his capacity as the corporation's officer).

Indeed, MRI and its corporate officer's position would lead to unfettered abuse of the corporate form as a state sanctioned tax shelter. Adopting their position would mean that every corporation could avoid testifying or being subject to examination by quashing summonses to their officers since corporations may speak and act only through their agents. *Zito v. United States*, 64 F.2d 772, 775 (7th Cir. 1933); *see also United States v. Steffen*, 251 F.3d 1273, 1276 (9th Cir. Nev. 2001) ("Corporations act through their agents" (citing *United States v. O'Connor*, 874 F.2d 483, 488 (7th Cir. 1989)). Congress never meant for § 7609 to function in that manner. *See* 26 U.S.C. § 7609(c)(2)(A). Accordingly, neither MRI nor its corporate officer may rely on 26 U.S.C. § 7609 for subject matter jurisdiction.

**c.  MRI and its corporate officer cannot show a sovereign immunity waiver.**

Apart from their lack of entitlement to notice and consequent inability to assert a § 7609 cause of action, neither MRI nor its corporate officer can rely on § 7609 for a waiver of sovereign immunity. Congress explicitly excluded from § 7609's sovereign immunity wiaver

8

summonses "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person."  26 U.S.C. § 7609(c)(2)(A).  Here, the Service served the summonses at issue on MRI through Fujinaga.  MRI and Fujinaga, however, consist of exactly "the person with respect to whose liability the summons is issued" and an "officer or employee of such person" respectively.  Accordingly, neither MRI nor its corporate officer may rely on § 7609's sovereign immunity waiver or any other grounds for waiving the United States' sovereign immunity.  26 U.S.C. § 7609(c)(2)(A); *see also id.* at § 7421(a).

**2.   CONCLUSION.**

For the reasons set forth above, the Court should dismiss MRI and its corporate officer's petition to quash the summonses issued to them for want of jurisdiction.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

 /s/ Lee Perla
LEE PERLA
Trial Attorney
U.S. Department of Justice
PO Box 683
Washington, DC 20044
Tel:  202-616-9183

DANIEL G. BOGDEN
United States Attorney
*Of Counsel*
*Attorneys for the United States of America*

9

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing has been made on this date by the Court's CM/ECF system on the following:

>Erick M. Ferran, Esq.
>Hitzke & Associates
>3753 Howard Hughes Pkwy, Ste. 200
>Las Vegas, NV 89169
>Tel:    702-784-7600
>Fax:    702-784-7649
>ferranlawoffice@gmail.com
>*Attorney for Petitioner*

>/s/ Lee Perla
>LEE PERLA
>Trial Attorney, Tax Division
>U.S. Department of Justice

10